**Ruben VARGAS–ROMERO; et al., Petitioners,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 04–75958.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 \*\*.

Filed Sept. 27, 2007.

Helen B. Zebel, Esq., Law Office of Helen B. Zebel, San Francisco, CA, for Petitioners.

---

able for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul Fiorino, Esq., Susan K. Houser, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Ruben Vargas–Romero and his wife Candelaria Nava De Vargas, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an Immigration Judge's ("IJ") decision denying their application for cancellation of removal, and denying their motion to remand. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

Petitioners' contention that the BIA violated their due process rights by disre- garding their evidence of hardship does not amount to a colorable constitutional claim where the record indicates that the BIA did evaluate the evidence regarding medical, psychological, and educational hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

The BIA did not abuse its discretion in denying petitioners' motion to remand because they provided insufficient evidence that any ineffective assistance of counsel prejudiced their case. *See Iturribarria,* 321 F.3d at 899–90.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

***

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

